UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                              ) Case No. 10-16328
                                    )
FELISHA WILSON,                     ) Chapter 7
                                    )
    Debtor.                         ) Judge Pat E. Morgenstern-Clarren
                                    )
                                    )
                                    ) **MEMORANDUM OF OPINION**
                                    ) **AND ORDER FINDING BRIDGEPORT**
                                    ) **BANKRUPTCY IN CONTEMPT AND**
                                    ) **IMPOSING DAILY FINE OF $1,000.00**

An order entered on November 25, 2009 prohibits Bridgeport Bankruptcy from preparing or assisting in the preparation of bankruptcy petitions to be filed in the Northern District of Ohio without further order.[1] That order has not been lifted or modified. On June 30, 2010, this court entered an order requiring Bridgeport Bankruptcy to appear and show cause as to why it should not be held in contempt and sanctioned based on its having acted as a petition preparer in this case.[2] For the reasons stated below, Bridgeport Bankruptcy is found to be in civil contempt and sanctioned.

### JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] *In re Gunter*, No. 09-19047, docket 40.

[2] Docket 7.

## FACTS AND DISCUSSION

In this district, the presumptive maximum fee for petition preparer services is $125.00. General Order 05-3. A preparer that believes that the value of its services exceeds that amount is required to file a motion requesting a higher fee.

On November 25, 2009, the Hon. Randolph Baxter entered an order in *In re Gunter*, no. 09-19047, prohibiting Bridgeport Bankruptcy from preparing or assisting in the preparation of bankruptcy petitions to be filed in the Northern District of Ohio pending further order. Judge Baxter's order cites Bridgeport's improper activities as a petition preparer, its failure to disgorge excessive petition preparer fees to the debtors in that case as required by a previous court order, and its failure to appear at hearing. He found Bridgeport in contempt and imposed a fine of $44.00 a week for each week Bridgeport failed to comply with the disgorgement order. The order also bars Bridgeport from serving as a bankruptcy petition preparer in this district without further court order. The fine has not been paid and there is no later order permitting Bridgeport to resume its activities in this district.

When the debtor filed this case on June 28, 2010, she disclosed that she paid Bridgeport $149.00 to prepare her petition. By doing so, Bridgeport violated Judge Baxter's order and also charged a fee higher than that permitted by General Order 05-3. Additionally, Bridgeport failed to provide the disclosures required by 11 U.S.C. § 110(b). As a result, this court ordered Bridgeport to appear on July 29, 2010 to show cause why it should not be held in contempt for its failure to comply with Judge Baxter's order and why it should not be required to return the fees paid by the debtor Felisha Wilson. Bridgeport failed to appear. The court, therefore, considers whether Bridgeport is in contempt of court.

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

Bridgeport was served with Judge Baxter's order and also with this court's order.[3] The terms of Judge Baxter's order specifically prohibit Bridgeport from acting as a petition preparer or assisting in the preparation of petitions in cases to be filed in this district. In violation of that order, Bridgeport acted as a petition preparer in this case. Bridgeport also failed to appear in court on July 29, 2010 as ordered by this court. These facts show clearly and convincingly that Bridgeport had knowledge of both orders and failed to comply with them. Bridgeport was given adequate notice and an opportunity to be heard on the contempt issue, yet failed to appear and has not provided any explanation for its failure. The court, therefore, finds that Bridgeport is in contempt based on its failure to comply with the two orders.

The next issue is the appropriate consequence for the contempt. A coercive per diem fine is appropriate under the circumstances to encourage compliance with the court orders. *Id.* at 498. The totality of the circumstances must be considered in determining the amount of the fine, including these factors:

---

[3] *In re Gunter*, No. 09-19047, docket 40, 41. This court served its order on Bridgeport through the two methods Bridgeport makes publicly available. Docket 10-16328, docket 7, page 2.

1. The type of actions that led to the issuance of the [order], and the consequences of non-compliance with the [order];

2. The reasons advanced . . . for non-compliance with the [order] . . . and any good faith issues, even if those factors do not serve as a defense to the contempt charge;

3. Whether [the parties] express[] an intention to promptly comply with the [order];

4. The amount of time that has elapsed since the [order] was entered; and

5. [The parties'] financial circumstances.

*Id.* (footnote omitted).

Bridgeport was ordered to refrain from acting as a petition preparer based on its failure to disgorge excessive fees. Despite that, Bridgeport again charged excessive fees in this case, failed to make required disclosures, and failed to appear in response to this court's show cause order. As Bridgeport's continued activities as a petition preparer and its failure to comply with the district's compensation limitations and requirements are clearly detrimental to *pro se* debtors, and because the earlier fine of $44.00 a week did not cause Bridgeport to reconsider its actions, the court concludes that a more substantial daily fine must be imposed. Bridgeport is, therefore, fined $1,000.00 a day until it files a request for hearing in this court to address its conduct in the Northern District of Ohio.

## **CONCLUSION**

For the reasons stated, Bridgeport Bankruptcy is found to be in civil contempt based on its failure to comply with Judge Baxter's order and with this court's order. Bridgeport Bankruptcy may file a request for a hearing for the purpose of explaining its failure to comply.

4

A fine in the amount of $1,000.00 per day is imposed for each day until it files that request. The fine is to be paid to the Clerk's Office of the United States Bankruptcy Court at Cleveland.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

To be served by the clerk's office on Bridgeport Bankruptcy at onedayforms@ureach.com
and at Bridgeportbankruptcy.com
and by email on Scott Belhorn, Esq., office of the United States trustee